UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BOBBY LEE MCMILLAN,

                Plaintiff,              Case No. 1:25-cv-438

v.                                 Honorable Paul L. Maloney

UNKNOWN WICKWIRE et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains, however, occurred at the Bellamy Creek

Correctional Facility (IBC) in Ionia, Ionia County, Michigan and the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. Plaintiff sues IBC employees Prisoner Counselor Unknown Wickwire, GOA (General Office Assistant) Unknown Ebert, Warden Matt Macauley, and Hearing Officer Unknown Lemke. Plaintiff also names MDOC Director Heidi Washington as a Defendant. Plaintiff sues Defendants in their official and personal capacities.

Plaintiff alleges that on April 24, 2024, while at ARF, Plaintiff received a Notice of Intent (NOI), but never received a hearing. (ECF No. 1, PageID.3.) Plaintiff filed a grievance approximately two or three months later complaining of the lack of due process. (*Id.*) At some point, Plaintiff was transferred to IBC. Plaintiff subsequently spoke to several individuals about the matter and eventually sent a letter to the business office at IBC threatening to file a lawsuit. (*Id.*) Defendant Ebert then rewrote the NOI despite the fact that the original NOI had been imposed without due process. (*Id.*; ECF No. 1-1, PageID.8.)

Plaintiff attaches a copy of the Notice of Intent to Conduct an Administrative Hearing written by Defendant Ebert on November 6, 2024, and the Administrative Hearing Report dated November 21, 2024, as an exhibit to his complaint. (ECF No. 1-1, PageID.7–8.)

The NOI stated that the proposed disposition was to remove $390.10 from Plaintiff's account pursuant to MDOC Policy Directive 04.02.105 ¶ O, 2, "Funds known to be from or sent on behalf of another prisoner, parolee, or probationer unless the offender is a family member of the prisoner receiving the funds. (*Id.*, PageID.7.) The document indicates that in accordance with the above policy, the funds were to be returned to the sender at Plaintiff's expense. (*Id.*) Plaintiff objected to the NOI and asserted that it had been over six months since the hold had been placed on his account and that the money should have been taken out when the NOI was first issued on April 24, 2024, or at the very least before he was transferred out of ARF. (*Id.*, PageID.7.)

Defendant Lemke conducted the hearing. (*Id.*) The nature of the hearing was described as "GTL Receipt; Return Funds to Sender." (*Id.*, PageID.8.) Defendant Ebert's statement regarding the reason for the NOI is listed on both the NOI and the Hearing Report:

> McMillan received $260.05 on 3/15/24 and $131.05 on 3/30/24 from Deidra Calbert, daughter of another MDOC prisoner, in violation of policy. D. Calbert sent funds through GTL. D. Calbert sent funds know to be from or sent on behalf of another prisoner, parolee, or probationer. Per OMNI & Visitor Tracking D. Calbert has no relationship to prisoner McMillan. Proof of GTL deposit was posted to prisoner McMillan's COMS account on 3/15/24 at 05:10 AM and on 3/30/24 at 5:20 am.
>
> Per the below stated policy, a hold of $57.51 was posted to 706273 McMillan's prisoner account on 4/24/24.
>
> Previous NOI (4/24/24) on this matter considered null and void, NOI rewritten to address current hold of $57.51 as disposition of previous NOI not resolved.

(*Id.*, PageID.7–8.)

Defendant Lemke upheld the NOI because there was sufficient evidence to show that Plaintiff had violated MDOC Policy Directive 04.02.105 and had been trying to circumvent the system while housed at prior facilities. (*Id.*, PageID.8.) It was determined that the funds should be returned to the sender at Plaintiff's expense as outlined in the NOI. (*Id.*)

Plaintiff seeks full reimbursement of fees removed from his account, $390.10, plus $50.00 per day for every day that Plaintiff's account has been affected. Plaintiff also seeks a modification in policy to prevent the rewriting of Notices of Intent after a due process violation. (ECF No. 1, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Defendants Macauley and Washington

Plaintiff appears to name Defendants Macauley and Washington solely because of their supervisory positions as Warden of IBC and Director of the MDOC, respectively. Plaintiff fails to

allege that they took any action against him. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts showing that Defendants Macauley or Washington encouraged or condoned the conduct of their subordinates, or authorized, approved or knowingly acquiesced in the conduct. Indeed, he fails to allege any facts at all about their conduct. His vague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Defendants were personally involved in the events surrounding the removal of money from Plaintiff's prisoner account. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Because Plaintiff's § 1983 claims against Defendants Macauley or Washington are premised on nothing more than respondeat superior liability, they are properly dismissed for failure to state a claim on which relief may be granted.

**B.    Defendant Wickwire**

Plaintiff fails to name Defendant Wickwire in the body of his complaint. The Court notes that Defendant Wickwire was the staff member who delivered the NOI to Plaintiff. (ECF No. 1-1, PageID.8.) It does not appear as if Defendant Wickwire had any other involvement with the allegations in Plaintiff's complaint.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any

degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff fails to allege any facts showing that Defendant Wickwire took any action against Plaintiff in this case. Accordingly, Defendant Wickwire is entitled to dismissal from this action for failure to state a claim on which relief may be granted.

### C.    Due process

Plaintiff asserts that his due process rights were violated by the conduct described in his complaint. The elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006).

With respect to the initial NOI that was executed while Plaintiff was confined at ARF, Plaintiff fails to name any individuals as Defendants who were employed at ARF during the pertinent time period or who were responsible for that initial NOI. With respect to the reissued NOI that occurred while Plaintiff was confined at IBC, Plaintiff clearly received a hearing, the details of which are set forth above. Plaintiff does not allege that the hearing was unfair or that he did not violate prison policy when he received money from the daughter of another MDOC prisoner. Instead, Plaintiff appears to be asserting that because he did not receive a hearing on the

initial NOI, and because six months had passed since the initial hold had been placed on his account, he should be entitled to keep the money.

Plaintiff's due process claims merit little discussion. Claims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Plaintiff does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994).

Moreover, to the extent that Plaintiff is claiming that the reissuance of the NOI violated MDOC policy or procedure, his due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984).

Plaintiff contends that he was deprived of property by Defendants Ebert and Lemke in violation of MDOC policy. Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden

8

requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, state post-deprivation remedies are available to him. For example, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a) (eff. Nov. 12, 2013). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted.

In addition, it is clear that Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). Further,

an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).

It is clear from the hearing report, that Plaintiff had an opportunity to convince an unbiased decision maker that he did not violate Policy Directive 04.02.105 and was entitled to keep the money in his prisoner account which had been sent to him by the daughter of another MDOC prisoner. The mere fact that the hearing officer ruled against him does not support a due process claim. Therefore, Plaintiff's complaint is alternatively properly dismissed for failure to state a claim on which relief may be granted for this reason.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   May 2, 2025                              /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge